UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8629-GW-JPRx | Date | December 21, 2022 |
|---|---|---|---|
| Title | *Frank Galeas v. Syncreon Technology USA LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None Present                                              None Present

**PROCEEDINGS (IN CHAMBERS):     ORDER TO SHOW CAUSE REGARDING AMOUNT-IN-CONTROVERSY CALCULATION**

     This action is presently set for a Scheduling Conference on January 12, 2023. By January 6, 2023, defendant Syncreon Technology (USA) LLC ("Defendant") shall submit a filing addressing the following questions bearing upon its calculation of the requisite amount-in-controversy under the Class Action Fairness Act ("CAFA"): 1) why it is reasonable for the Defendant to assume – along with citation to published, precedential, cases demonstrating that it *is* reasonable to assume – that, based merely upon the allegations contained in the Complaint, the second cause of action (for overtime wages) represents an attempt "to recover at least five hours of overtime wages per workweek (one hour of overtime per shift) for all Putative Class Members," Docket No. 1, at 11:6-8; and 2) what information Defendant has demonstrating that its employees worked shifts/hours of sufficient length to require meal periods – let alone five such shifts per week – under California law, *see* Complaint ¶¶ 72-73 (alleging requirement of meal periods for employees working more than five/ten hours), given that Defendant has neither identified any allegation in the Complaint nor provided any information bearing upon the question of shift-length,[1] *see id.* at 11:16-12:4. *See generally Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (indicating that "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions," and therefore requiring a defendant to "us[e] reasonable assumptions underlying the defendant's theory of damages exposure").

---

[1] Although the Court is less-concerned with questions about calculations related to the Complaint's rest period claim, the same comment may be made regarding the lack of information in Defendant's Notice of Removal regarding information demonstrating employees always worked shifts long enough to entitle them to such rest periods. *See* Complaint ¶ 94 (indicating that rest periods are due where employee works four hours or a major fraction thereof). For the sake of completeness, Defendant may consider it a wise course to supply the Court with shift-length information (or relevant allegations in the Complaint) bearing upon this question too.

:

Initials of Preparer     JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8629-GW-JPRx | Date | December 21, 2022 |
|---|---|---|---|
| Title | *Frank Galeas v. Syncreon Technology USA LLC, et al.* | | |

If the Court were to ignore the calculations presented in the Notice of Removal with respect to these two claims, Defendant would be left with calculations reflecting an amount-in-controversy of $2,639,537.50 (the totals for the other three claims calculated in the Notice of Removal plus 25% of that figure as attorneys' fees, *see id.* at 12:5-15:24). That amount, by itself, is insufficient for purposes of basing jurisdiction on CAFA.[2] It is not the job of this Court to come up with, or justify, a reasonable assumption. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 996 (9th Cir. 2022); *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

If plaintiff Frank Galeas would like to offer any input bearing upon the aforementioned questions, he is free to do so on the same timeline (though the burden of establishing a proper basis for this Court's subject matter jurisdiction rests solely on Defendant's shoulders).

It is so ordered.

---

[2]As this Court has repeatedly-observed – a statutory fact that, for whatever reason, the Ninth Circuit frequently ignores, *see, e.g.*, *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) – there is *no one-year limit on diversity-based removals under CAFA*. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 (*except that the 1-year limitation under section 1446(c)(1) shall not apply*) . . . .") (emphasis added); *see also* 28 U.S.C. § 1446(c)(1) (providing for a one-year-from-commencement limitation on removals based upon jurisdiction conferred by 28 U.S.C. § 1332). Why, then, defendants (and certain courts, *see, e.g.*, *id.*) feel that defendants simply *must* rely upon assumptions when calculating an amount-in-controversy under CAFA is a black box-type mystery. It is almost as if certain entities and individuals believe this rather-incredible flexibility offered in class actions is simply inconvenient to the ultimate goal of making sure that certain types of lawsuits wind up – quickly – in federal court.

:

Initials of Preparer    JG